PENNSYLVANIA STEEL CO. et al. v. VERMILYA.

(Circuit Court of Appeals, Third Circuit. November 28, 1898.)

No. 36. September Term.

PATENTS—RAILWAY SWITCHES.

> The Brahn patent, No. 248,990, for an improvement in railway switches, relating particularly to the crossbar and lugs which serve to connect the pointed or movable rails of the switch, discloses patentable invention, but, in view of the prior art, must be restricted to the particular devices, substantially as described. The claim is, however, infringed by a device made according to patent No. 308,373, which merely shows a variation in the form of the jaws.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit in equity by Allen G. N. Vermilya against the Pennsylvania Steel Company and its receivers for infringement of a patent. There was a decree for complainant (87 Fed. 481), from which defendants appeal.

Joshua Pusey, for appellants.

A. G. N. Vermilya, in pro. per.

Before ACHESON, Circuit Judge, and BUTLER and KIRKPAT-RICK, District Judges.

ACHESON, Circuit Judge.    This suit was for the infringement of letters patent No. 248,990, dated November 1, 1881, granted to James Brahn for an improvement in railway switches.    The patent has a single claim, in these words:

"In a railway switch, the combination, with the pointed or movable rails, B B, of the lugs, C, fabricated as specified, and composed of the body, c, adapted to fit upon and depend somewhat below the flange of the rail, and the upwardly reaching flange, $c^1$, adapted to fit against the body of the rail, and having the jaws, $c^2$, together with the forged bars, D, having the flattened ends, d, all substantially as and for the purpose described."

The circuit court sustained the patent, and held that the defendants' device was an infringement.    Upon the first branch of the case the judge below said:

"The evidence, including several prior patents and the exhibit 'Pennsylvania Steel Company's Circular,' conclusively shows that the invention of Brahn was not a primary one; but I cannot agree that he made no invention at all. He devised, in complete and combined shape, a convenient and improved arrangement of crossbar and lugs, which, though nearly approached, had not been before produced.    His contribution to the art involved invention, although not of the highest order, and was both new and useful.    The construction he devised was more convenient and better fitted for use than any of the appliances which had preceded it; and what is said in the defendant's circular of the advantages of the 'socket' connecting bar covered by patent No. 308,373, under which the defendant manufactures, might, in the main, be equally well said of the Brahn device."

We have reached the conclusion that the foregoing views are correct. While Brahn made no great advance in this art, yet his improvement, we think, was patentably new and useful.    Under the proofs, the circuit court did not err in adjudging the patent to be valid.

That the appellants (the defendants below) infringe the patent seems quite clear.    We agree with the court below that their device "is essentially identical with the device of Brahn."    Upon both branches of the case we adopt the opinion of the circuit court, and accordingly its decree is affirmed.